UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEON KING,

v.  Case No. 8:05-cr-355-T-17MAP
8:08-cv-29-T-17MAP

UNITED STATES OF AMERICA.

## ORDER VACATING JUDGMENT, REIMPOSING SENTENCE, GRANTING MOTION TO VACATE, IN PART

This cause is before the Court on Leon King's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-136). The Court has determined that an out-of-time appeal is warranted in this case. An attorney has been appointed to represent King.

Pursuant to United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000):

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(i).

Accordingly, the Court orders:

**1. That the criminal judgment from which this out-of-time appeal is to be permitted is vacated. (Doc. cr-131).**

2. That King is hereby committed to the custody of the Bureau of Prisons to be imprisoned for 188 months as to count five of the Indictment, credit for time served, which

is calculated by the Bureau of Prisons and will be deducted from that sentence. (Doc. cr-131 at 2). All further terms of the sentence as set out in Doc. cr-131 shall remain the same.

3. Defendant has the right to appeal from the judgment and sentence within 10 days of the judgment in his criminal case. Failure to appeal within the ten-day period shall be a waiver of the right to appeal. The Government may file an appeal from this sentence.

Defendant is entitled to assistance of counsel in taking an appeal, and if Defendant is unable to afford a lawyer, one will be provided for him. (An attorney has been appointed to represent King in his belated appeal.)

If Defendant is unable to afford the filing fee, the Clerk of the Court is directed to accept the Notice of Appeal without such fee.

**The Clerk is directed to enter judgment against King in the criminal case.**

3. The Court construes its granting King the opportunity to file a belated appeal as granting his 28 U.S.C. § 2255 claim that counsel failed to file a direct appeal after being asked to do so by King. All other claims in King's 28 U.S.C. § 2255 motion to vacate (Doc. cv-1;cr-136) are dismissed without prejudice. The Clerk is directed to enter judgment for King in the civil case and to close that case.

ORDERED at Tampa, Florida, on FEBRUARY 22, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Court Room Deputy: Cindy Leigh Martin
Pro se: Leon King